IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TRAVIS ADAMS AS A/N/F of A.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00695-BP |
| | § | |
| **SPRINGTOWN INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

In this case, Plaintiff Travis Adams ("Adams") sues Defendant Springtown Independent School District ("SISD") on behalf of his daughter for alleged violations of her constitutional rights and for discrimination based on a disability. ECF No. 18. Now before the Court are SISD's Motion to Dismiss Plaintiff's Second Amended Complaint and supporting Brief (ECF Nos. 19, 20), Adams's Response (ECF No. 23), and SISD's Reply (ECF No. 24). After considering the Motion, pleadings, and applicable legal authorities, the Court **GRANTS** SISD's Motion and dismisses Adams's claims with prejudice.

**I.   BACKGROUND**

The following alleged facts are taken from Adams's Second Amended Complaint and constitute the entirety of his claims. ECF No. 18. A.A. was a student at Springtown High School. ECF No. 18 at 3. She had a disability, of which the school was aware, due to emotional conditions resulting from a brutal rape and hospitalization years earlier. *Id.* at 3-4. On January 31, 2022, a fellow student bullied A.A. while in line in the cafeteria. *Id.* The other students were cutting in line and when A.A. told them not to, one of the other students "approached her in a menacing fashion." *Id.* A.A. pushed him in self-defense, but then quickly apologized. *Id.* The other student told A.A.

to "go home and kill herself." *Id.* Someone at the school captured a video of her immediately after this incident having a severe emotional reaction to the encounter and "sitting on a hallway floor and shaking." *Id.* A.A. went to her next class, but the teacher noticed that she was "not okay" and sent her to the administration office. *Id.* The assistant principal allowed her to go see the counselor who was not available, and when A.A. returned to the principal's office a school employee told her that the principal could not see her. *Id.* at 5. On the same day after school, A.A. attempted to take her own life. *Id.* Adams alleges that the school did not provide her reasonable services or accommodations for her disability so that she could return to her academic program. *Id.* A.A. stated that she felt unable to return to class and continue with her academic program. *Id.* A.A.'s family had to sell their home and move so that she could attend a safe school elsewhere. *Id.* Adams alleges that A.A. suffered physical and emotional distress due to SISD's discrimination. *Id.* at 2.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the complaint's allegations are true." *Id.*

District courts "can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28

F.3d 521, 524 (5th Cir. 1994)). Thus, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, courts may consider documents outside the complaint that are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be

dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

However, courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference she is due." *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2-*3 (N.D. Tex. 2001).

### III. ANALYSIS

Adams sues SISD under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("Section 504"), alleging that SISD violated A.A.'s constitutional and statutory rights. SISD moves to dismiss all of Adams's claims under Fed. R. Civ. P. 12(b)(6), arguing that Adams fails to state a claim upon which relief can be granted. SISD

4

argues that Adams did not sufficiently allege facts that it violated A.A.'s constitutional or statutory rights. Further, SISD alleges there are not enough facts to allege that an SISD policymaker enacted a policy or custom that caused a violation of A.A.'s constitutional rights.

### A.   Adams does not allege enough facts to state § 1983 claims against SISD for substantive or procedural due process and equal protection violations.

Adams argues that SISD's policies were inadequate and led to A.A.'s harm. ECF No. 18 at 11-12. However, inadequacy of policies and causation of harm do not in themselves prove a constitutional violation. Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* To state a § 1983 claim, Adams must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall,* 28 F.3d at 525.

#### 1.   Procedural Due Process

The Fourteenth Amendment forbids the state from depriving an individual of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. The Procedural Due Process clause does not safeguard an infinite number of interests. Instead, a plaintiff alleging deprivation of her right to procedural due process must plead two elements: (1) the state interfered with a liberty or property interest; and (2) the procedures attendant upon that deprivation were constitutionally insufficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Adams alleges a right to public education and contends that A.A. was "bullied by a fellow student… had a severe emotional reaction to this bullying… [and] was unable to return to class and continue with her education program." ECF No. 18 at 1. Adams alleges further that her family had to sell their home and "move so that A.A. could attend a safe school elsewhere." *Id.* at 1-2.

SISD acknowledges a right to public education, but argues that the Second Amended Complaint has not "pleaded of any factual allegations reflecting [SISD] deprived A.A. of her right to an education resulting from any misconduct on her part without procedural due process." ECF No. 20 at 5. Further, SISD argues that SISD's employees did not deprive A.A. of access to public education in the district as A.A. chose not to return to school in SISD and instead accessed an education elsewhere. *Id.*

The Second Amended Complaint lacks facts to show how SISD or its policies deprived A.A. of an appropriate level of due process. There are no facts stated to show that A.A.'s family asked for any sort of hearing or other right to be heard that SISD denied. *See Goss v. Lopez,* 419 U.S. 565, 579 (1975). Adams only alleges that it took hours for A.A. to receive any help after the bullying incident. He stated no facts about SISD's actions in response to the incident, other than what transpired the same day. ECF No. 18 at 1. Accordingly, the Second Amended Complaint does not allege enough facts to support a procedural due process claim.

### 2. Substantive Due Process

The right to substantive due process protects individuals from the government's arbitrary abuse of power to deprive the individual of liberty or property. *Brennan v. Stewart*, 834 F.2d 1248, 1256-57 (5th Cir. 1988). "Public officials violate substantive due process rights if they act arbitrarily or capriciously." *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562-63 (5th Cir. 2003). A public official's actions are arbitrary or capricious when they are not rationally related to a legitimate government interest. *Simi Inv. Co. v. Harris Cnty.*, 236 F.3d 240, 251 (5th Cir. 2000).

Adams alleges that A.A.'s constitutional violations were committed under the "color of law" and resulted in A.A.'s physical, emotional, and psychological harm and damages. ECF No. 18 at 10-11. SISD again responds that merely claiming a violation under the "color of law" without

showing some "egregious official conduct" or action that "shock[s] the conscience" is not enough to survive its Motion to Dismiss. ECF No. 20 at 6.

The Second Amended Complaint's limited facts do not satisfy Rule 12(b)(6)'s requirements. Adams alleges that SISD employees were acting under color of law, but he does not plead any facts supporting a conclusion that they abused their power or acted arbitrarily. ECF No. 18 at 11. To the contrary, the SISD Board of Trustee's policies prohibited bullying, and there is nothing in the Second Amended Complaint that proposes SISD ignored this policy or executed it in an irrational manner. *Id.* at 11-12. This claim is strictly a recital of only one of the elements necessary for a substantive due process violation, and Adams pleads no facts to support the alleged violation.

### 3. Equal Protection

To state a claim under the Equal Protection Clause, Adams must allege that A.A. (1) "received treatment different from that received by similarly situated individuals" and (2) "the unequal treatment stemmed from a discriminatory intent." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Priester v. Lowndes Cty.*, 354 F.3d 414, 424 (5th Cir. 2004)). To establish discriminatory intent, Adams must show "that the decision maker singled out a particular group for disparate treatment and selected h[er] course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.*

Adams only alleges that SISD discriminated against A.A. because of her disability. ECF No. 18 at 15. SISD contends that the Plaintiff does not plead factual allegations reflecting how a district employee treated A.A. differently from individuals outside of her suspect class or otherwise "treated A.A. differently from a similarly situated individual." ECF No. 20 at 6-7.

7

Disability is not a suspect class for purposes of equal protection. *Wood v. Katy Indep. Sch. Dist.,* No. CV H-09-1390, 2010 WL 11417849, at *5 (S.D. Tex. 2010) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 442 (1985)). Whether the Fifth Circuit has squarely addressed this issue is irrelevant in this instance because Supreme Court precedent is clear. *Cleburne,* 473 U.S. at 442. As pleaded, Adams's equal protection claim does not state a claim as a matter of law. Because Adams has not pleaded enough facts to show any of the three underlying constitutional violations, the Court must dismiss his § 1983 claim on this point.

### 4. Adams does not adequately plead municipal liability under § 1983.

To plead municipal liability under § 1983, as is the case against SISD, Adams must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

#### a. Official Policies

The first element of a § 1983 municipal liability claim requires the plaintiff to show an official policy. The definition of "official policy" applies not only to municipalities, but also to school districts. *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). An "official policy" is either "(1) a policy statement officially adopted and promulgated by an official with policymaking authority or (2) a persistent, widespread practice of district officials or employees that is so common and well-settled as to constitute a custom that fairly represents district policy." *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). A municipality's official policy is:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so

8

> common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Id.*; *Eugene,* 65 F.3d at 1304. Plaintiff must specifically identify each policy that allegedly caused constitutional violations, and the Court must determine whether each policy or custom is facially constitutional or unconstitutional. *M.D. by Stukenberg v. Abbott*, 907 F.3d 237, 253 (5th Cir. 2018); *Piotrowski v. City of Houston*, 237 F.3d 567, 578–79 (5th Cir. 2001).

Adams specifically identifies three policies in SISD's Board Policy Manual that allowed for SISD's discriminatory behavior.

> Policy FFI (Legal) which states 'The board shall adopt a policy, including any necessary procedures, concerning bullying that…Establishes the actions a student should take to obtain assistance and intervention in response to bullying (and)…Sets out the available counseling options for a student who is a victim of…bullying.'

ECF No. 18 at 11.

> Policy FFI (Local) which states 'Any District employee who suspects or receives notice that a student or group of students has or may have experienced bullying shall immediately notify the principal or designee…When an allegation of bullying is reported, the principal or designee shall notify a parent of the alleged victim on or before the third business day after the incident is reported…The principal or designee shall promptly take interim action calculated to prevent bullying during the course of the investigation, if appropriate.'

*Id.* In the Second Amended Complaint, Adams pleads a third policy. ECF No. 18 at 12.

> FB (LOCAL) which states that 'The District shall form Section 504 committees as necessary. The Section 504 coordinator and members of each Section 504 committee shall receive training in the procedures and requirements for identifying and providing educational and related services and supports to a student who has a disability that results in a substantial limitation of a major life activity…'

9

*Id.* at 12. Including this last policy in his Second Amended Complaint, Adams alleges that SISD employees were deliberately indifferent to the risk of harm caused by the district's failure to follow A.A.'s plan and failed to provide A.A. the accommodations from her 504 Plan. However, Adams pleads no other facts to support this claim. *See* ECF No. 18 at 16. Further, neither party briefed anything about this policy in their Motion or Response. ECF Nos. 20, 23, 24. The claim regarding the third policy should be dismissed because there are no facts pleaded to support it.

As to the other two Local policies, Adams contends that they do not provide immediate support or counseling services for a bullying victim. ECF No. 18 at 16. The policies only provide for possible services to a bullying victim during an investigation, not at the time the bullying is reported. *Id.* Adams asserts that this policy is "indifferent to the immediate safety issues of bullying victims and those victims' inability to participate in their education program without reasonable services and accommodations." *Id.* SISD argues that Adams has not established how the provision of services during the investigation as opposed to at the outset deprived A.A. of her constitutional rights. The Court finds that Adams properly pleaded an SISD policy that relates to A.A.'s claims.

### b.       Official Policymaker

The second element of a § 1983 municipal liability claim requires the plaintiff to plead that the person acting on behalf of the municipality was an official policymaker. The policymaker must have final policymaking authority and take the place of the governing body in a designated area of the municipality's administration. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Webster v. City of Houston*, 735 F.3d 838, 841 (5th Cir. 1984). A municipality's governing body may delegate policymaking authority expressly or implicitly. *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984). Adams pleads that SISD's Board of Trustees was authorized to adopt the Local policy, and SISD does not dispute this point. Under Texas law, an independent school

district's final policymaking authority rests with the district's board of trustees. *Jett v. Dallas Indep. Sch. Dist.,* 7 F.3d 1241, 1245 (5th Cir. 1993). Thus, Adams adequately pleads the element of an official policymaker for purposes of his § 1983 claim.

### c. Policy as Moving Force Behind Constitutional Violations

To plead that a policy is the moving force behind a constitutional violation, "a plaintiff must show a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 580. For an official policy to be the moving force behind the violation of A.A.'s constitutional rights, Adams must show that the policymaker acted with "deliberate indifference" to the policy's known or obvious unconstitutional consequences. *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). To act with deliberate indifference, a state actor must know of and disregard an excessive risk to the victim's health or safety. *Id; see McClendon v. City of Columbia,* 305 F.3d 314 (5th Cir. 2002).

Adams alleges that SISD deprived A.A. of her procedural and substantive due process and equal protection rights. ECF No. 18 at 14-16. To support these claims, he alleges that A.A. had a disability that the school was aware of, she was bullied, she attempted to take her own life because of the experience, her family had to sell their house and move schools for a safer environment, and that the SISD policies were the cause. ECF No. 18 at 13. SISD argues again that Adams has not pleaded facts sufficient to support that its policies caused or in any way related to any of the Adams's three constitutional claims. ECF No. 20 at 8-9.

Adams has not properly pleaded that SISD's policy was a moving force behind a constitutional violation because he did not allege facts sufficient to show that any constitutional violations occurred.  Nor has he provided any factual support showing that SISD's policies caused A.A.'s harm. Further, the Second Amended Complaint does not provide allege sufficient facts to

allow the Court to make a reasonable inference about SISD's role or fault in what is admittedly a sad set of circumstances. Adams's conclusional assertions are insufficient to plead the facts necessary to support his claims of municipal liability. Therefore, the Court also must dismiss Adams's municipal liability claims against SISD under § 1983.

### 5. Adams does not state an ADA or Section 504 claim against SISD.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." *Wilson v. City of Southlake,* 936 F.3d 326, 329 (5th Cir. 2019).

The Court applies the same legal standards to the ADA and Section 504, and the same remedies are available under both acts. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). As a result, "[j]urisprudence interpreting either section is applicable to both." *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). To allege a claim under the ADA or Section 504, Adams must plead that A.A. (1) was a qualified individual with a disability; and (2) was excluded from participation in or denied the benefits of the services, programs, or activities of her public education, or was otherwise subjected to discrimination; (3) solely because of her disability. *Id.*

Adams alleges in the Second Amended Complaint that A.A. is a student with disabilities and SISD, knowing her disability and aware of her 504 Plan, failed to make accommodations related to its policy on bullying by disregarding an "excessive risk to A.A.'s safety when she asked for assistance but was ignored." ECF No. 18 at 16. SISD argues that the current pleadings still lack

the essential elements required for A.A. to recover on these claims. ECF No. 20 at 9-10.

As with Adams's constitutional claims, the Second Amended Complaint contains scant facts to support Adams's conclusional legal assertions. Adams does not state what accommodations were included in A.A.'s 504 Plan, how SISD's bullying policies impacted her disability or requested accommodations, or that anyone at SISD intentionally failed to follow that plan. Further, Adams alleges no facts supporting his claim that any exclusion or discrimination was due to A.A.'s disability.

Finally, Adams does not allege that any SISD employee knew that the Board of Trustee's policies regarding bullying would lead to discrimination against A.A. due to her disability. Therefore, Adams has not pleaded facts to show that anyone at SISD disregarded an excessive risk to A.A.'s safety. The Second Amended Complaint provides legal definitions and conclusions, but none of the allegations satisfy the Rule 12(b)(6) requirements that the plaintiff must plead facts to state a claim. The facts as presented do not allow the Court to reasonably infer that there was any SISD misconduct or that SISD caused A.A. to be deprived of her constitutional or statutory rights. *See Iqbal*, 556 U.S. at 678.

### 6. The Court should dismiss Adams's claims with prejudice.

The decision to allow amendment of the pleadings is within the sound discretion of the trial court. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir.1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has

not been established, the court should finally dismiss the suit." *Jacquez v. Procunier,* 801 F.2d 789, 792–93 (5th Cir. 1986); *Schiller,* 342 F.3d at 563.

Adams has had three chances to show how SISD or its policies deprived A.A. of an appropriate level of due process or her equal protection under the law or her rights under the ADA or Section 504. First, he filed his Original Petition in state court. ECF No. 1-8. After removal, he filed an amended complaint, and the Court addressed its deficiencies after SISD's first Motion to Dismiss. ECF Nos. 8, 17. Specifically, the Court noted that his constitutional claims were missing required elements to support his allegations; that his ADA claim did not include enough facts to show that anyone at SISD disregarded an excessive risk to A.A.'s safety; and that his § 1983 municipal claim also did not provide sufficient facts to allow the Court to reasonably infer any SISD misconduct that could have caused A.A.'s harm. ECF No. 17. Adams then filed another amended complaint, making three in all. ECF No. 18.

The Court finds that a fourth try would be an inefficient use of the Court's resources, would cause unnecessary delay, and would be futile. Adams apparently has pleaded his best case. Despite having three opportunities to offer facts to support his claims, Adams has not done so. Consequently, the Court must dismiss this case with prejudice.

## IV. CONCLUSION

For these reasons, the undersigned **GRANTS** SISD's Motion to Dismiss (ECF No. 19) and **DISMISSES** Adams's case with prejudice.

It is so **ORDERED** on March 14, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE